IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALAN ESTUARDO LOPEZ MIRANDA, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CAUSE NO. EP-25-CV-584-KC |
| MARISA FLORES et al., | | |
| Respondents. | | |

## ORDER

On this day, the Court considered Alan Estuardo Lopez Miranda's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. For the following reasons, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

This case involves Lopez Miranda's challenge to Respondents' decision to detain him in immigration custody without a bond hearing. The following facts are derived from the allegations in the Petition, the Response, ECF No. 3, and documentary evidence submitted by the parties.

### A. Arrival in the United States & Immigration Proceedings

Lopez Miranda is a Guatemalan citizen who entered the United States on April 6, 2023, as an unaccompanied minor. Pet. ¶¶ 18, 19. On April 7, 2023, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, and released Lopez Miranda to his uncle's custody on his own recognizance. *Id.* ¶ 19. On October 5, 2025, Lopez Miranda was on his way to appear for unspecified criminal court proceedings when ICE detained him. *Id.* ¶¶ 1, 20. Lopez Miranda is currently detained at the ERO El Paso Camp East Montana detention center in

El Paso, Texas. *Id.* ¶ 1. On November 12, 2025, an immigration judge denied Lopez Miranda a bond hearing, finding that he lacked jurisdiction. *Id.* ¶ 21.

### B.   Procedural History

On November 24, 2025, Lopez Miranda filed this Petition seeking his release from immigration custody or a bond hearing. *Id.* at 12. Respondents then filed their Response. Lopez Miranda has a scheduled hearing before an immigration judge on January 14, 2026. Resp. 1.

To the extent there are any factual disputes, the Court resolves them in Respondents' favor. Therefore, it is unnecessary to hold a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted) (finding that although 28 U.S.C. § 2243 requires the court to "summarily hear and determine the facts," the court need not hold an evidentiary hearing "[w]here the [habeas] petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts").

## II.   DISCUSSION

In his Petition, Lopez Miranda argues that his detention violates (1) the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), and (2) his right to due process under the Fifth Amendment. Pet. ¶¶ 36–40.

Respondents make three main arguments in opposition: (1) the Court lacks subject matter jurisdiction; (2) Lopez Miranda is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b); and (3) Lopez Miranda's as applied due process challenge fails. Resp. 2–8.

This Court recently decided several petitions for writs of habeas corpus brought by immigration detainees challenging their mandatory detention without a bond hearing under § 1225(b). *See, e.g.*, *Martinez v. Noem* ("*Martinez I*"), No. 3:25-cv-430-KC, 2025 WL 2965859, at *2 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at

*3 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ----, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025). Respondents rely on many of the same arguments that this Court has already addressed and rejected. Where the arguments retread old ground, the Court need not repeat its analysis, especially where that analysis is consistent with "the overwhelming majority" of courts to consider these issues in recent months. *See Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025).

### A.    Jurisdiction

Respondents argue that the Court is stripped of jurisdiction by 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4). Resp. 5–6. The Court already rejected essentially the same arguments. *See Erazo Rojas v. Noem,* No. 3:25-cv-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025) (rejecting § 1225(b)(4) arguments); *Santiago*, 2025 WL 2792588, at *3–5 (rejecting §§ 1252(g) and 1252(b)(9) arguments); *Lopez-Arevelo*, 2025 WL 2691828, at *4–5 (rejecting § 1252(g) arguments). In their briefing, Respondents fail to distinguish those prior jurisdictional analyses. Resp. 5–6.

Therefore, the Court finds that it has jurisdiction to consider Lopez Miranda's challenge to his detention.

### B.    Statutory Interpretation

Next, the parties debate the merits of the Government's new and expansive interpretation of mandatory detention under 8 U.S.C. § 1225(b) and whether Lopez Miranda falls within it. Pet. ¶¶ 22–35; Resp. 2–5. Recently, courts across the country have held that this interpretation is either incorrect or likely incorrect. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (noting that "almost every district court to consider this issue" has rejected the Government's new

3

interpretation); *Lopez-Campos v. Raycraft*, --- F. Supp. 3d ----, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug. 29, 2025) (collecting twelve such decisions).

The Court does not reach the statutory interpretation question because, assuming without finding that the Government's new interpretation is correct, Lopez Miranda is entitled to due process and succeeds in his as-applied challenge.

C.  **Procedural Due Process**

Respondents argue that even as a matter of due process, Lopez Miranda "is not entitled to more process than what Congress provided him by statute." Resp. 7. This argument relies on an expansive reading of *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See id.* at 6–8. The Court has already rejected such a reading and does so again here. *See Santiago*, 2025 WL 2792588, at *7–10; *Lopez-Arevelo*, 2025 WL 2691828, at *7–10.

Respondents also appear to argue that Lopez Miranda is receiving sufficient due process because he is in full removal proceedings, where "constitutional protections are built in[]." Resp. 7. However, the process Lopez Miranda has received in relation to his removal is entirely distinct from the process he has received in relation to his detention, and whether that process is sufficient under the Fifth Amendment.

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem* ("*Martinez II*"), No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens

4

that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. "The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time." *M.S.L. v. Bostock*, No. 25-cv-1204, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025) (citing *Mathews*, 424 U.S. at 348).

### 1. Private Interest

As to the first element, "'[t]he interest in being free from physical detention' is 'the most elemental of liberty interests." *Martinez II*, 2025 WL 2598379, at *2 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Respondents' position appears to be that Lopez Miranda does not acquire a liberty interest until his detention becomes unreasonably prolonged. *See* Resp. 8. However, one's physical freedom is a paramount liberty interest, secured not just by statute but by the Constitution. *Hamdi*, 542 U.S. at 529. This liberty interest applies to noncitizens, although to varying degrees. *Martinez v. Hyde*, --- F. Supp. 3d ----, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citation omitted).

Therefore, this Court has already held that noncitizens acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status. *Martinez I*, 2025 WL 2965859, at *4. And other district courts have done the same. *See, e.g.*, *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *1, 7 (W.D. Mich. Oct. 17, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-437, 438, 439, 2025 WL 2688541, at *1, 10 (D. Me. Sept. 22, 2025). An even greater weight of authority holds that "once released from immigration custody, noncitizens acquire 'a protectable liberty interest in remaining out of custody on bond.'" *Lopez-Arevelo*, 2025 WL 2691828, at *11 (quoting *Diaz v. Kaiser*, No. 25-cv-5071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025) (collecting cases)).


that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. "The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time." *M.S.L. v. Bostock*, No. 25-cv-1204, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025) (citing *Mathews*, 424 U.S. at 348).

### 1.     Private Interest

As to the first element, "'[t]he interest in being free from physical detention' is 'the most elemental of liberty interests." *Martinez II*, 2025 WL 2598379, at *2 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Respondents' position appears to be that Lopez Miranda does not acquire a liberty interest until his detention becomes unreasonably prolonged. *See* Resp. 8. However, one's physical freedom is a paramount liberty interest, secured not just by statute but by the Constitution. *Hamdi*, 542 U.S. at 529. This liberty interest applies to noncitizens, although to varying degrees. *Martinez v. Hyde*, --- F. Supp. 3d ----, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citation omitted).

Therefore, this Court has already held that noncitizens acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status. *Martinez I*, 2025 WL 2965859, at *4. And other district courts have done the same. *See, e.g.*, *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *1, 7 (W.D. Mich. Oct. 17, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-437, 438, 439, 2025 WL 2688541, at *1, 10 (D. Me. Sept. 22, 2025). An even greater weight of authority holds that "once released from immigration custody, noncitizens acquire 'a protectable liberty interest in remaining out of custody on bond.'" *Lopez-Arevelo*, 2025 WL 2691828, at *11 (quoting *Diaz v. Kaiser*, No. 25-cv-5071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025) (collecting cases)).

Lopez Miranda entered the United States as a minor, and has been living in this country since 2023, so "it cannot be denied that [he] was 'already in the country.'" *See Martinez v. Hyde*, 2025 WL 2084238, at *8 (quotations omitted). And shortly after his initial entry into the United States, ICE released Lopez Miranda on his own recognizance. Pet. ¶ 19. Since then, he has established a life here and is enrolled in school. *Id.* ¶ 18. Lopez Miranda thus has a strong interest in being free from detention. *See Lopez-Arevelo*, 2025 WL 2691828, at *11.

Therefore, the first *Mathews* factor weighs in favor of Lopez Miranda.

### 2. Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez II*, 2025 WL 2598379, at *3 (quoting *Gunaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. May 21, 2025)).

Here, detaining Lopez Miranda without holding a bond hearing creates a substantial risk that he may be erroneously deprived of his liberty. Without an individualized determination, it cannot be said that detention is warranted in his case. This risk can be easily ameliorated through a bond hearing. Indeed, agency decisionmakers regularly "conduct[] individualized custody determinations . . . consider[ing] flight risk and dangerousness." *Velesaca v. Decker*, 458 F. Supp. 3d 224, 242 (S.D.N.Y. 2020) (citation omitted); *see also* 8 C.F.R. §§ 236.1(c)(8), 1003.19(h)(3). Under "decades of DHS's own practices" prior to 2025, noncitizens "who entered without inspection" and were later arrested, just like Lopez Miranda, received bond hearings. *Chogllo Chafla*, 2025 WL 2688541, at *8 (citations omitted). This is precisely the type of proceeding that would give Lopez Miranda an opportunity to be heard and to receive a

meaningful assessment of whether he is dangerous or likely to abscond, and it would greatly reduce the risk of an erroneous deprivation of his liberty.

Therefore, the second *Mathews* factor weighs in favor of Lopez Miranda.

### 3. Government's Interest

Respondents do not explicitly identify any interest in detaining Lopez Miranda without a bond hearing. *See generally* Resp. Certainly, the Government has an interest in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community. Lopez Miranda concedes that he is facing criminal proceedings for some unidentified crime. Pet. ¶¶ 1, 20; Resp. 1. But to the extent that the criminal charges make Lopez Miranda a danger or a flight risk, such concerns would be squarely addressed through a bond hearing. Thus, the third *Matthews* factor also weighs in favor of Lopez Miranda.

Because all *Mathews* factors support Lopez Miranda's position, the Court finds that his detention without an individualized assessment of flight risk and dangerousness deprives him of his constitutional right to procedural due process under the Fifth Amendment of the United States Constitution. Thus, he is entitled to a bond hearing. *See, e.g., Lopez-Arevelo*, 2025 WL 2691828, at *13.

### D. Scope of Relief

A majority of courts, including this one, have determined that the appropriate relief for an immigration detainee held in violation of due process is to require a bond hearing before an IJ.[1] *Id.* at *12 (collecting cases). The weight of authority also holds that when ordering a bond hearing as a habeas remedy, the burden of proof should be on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk. *Id.* at *13 (collecting

---

[1] Respondents argue that "the only relief available to Petitioner through habeas is release from custody." Resp. 2. The Court has already rejected this argument, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *5 n.1 (W.D. Tex. Nov. 10, 2025), and does so here for the same reasons.

cases); *Velasco Lopez v. Decker*, 978 F.3d 842, 855 n.14 (2d Cir. 2010) (citations omitted). Many courts have also found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner. *See, e.g.*, *Velasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729, at *9 (D.N.M. Sept. 17, 2025) (collecting cases). The Court follows this consensus and orders the same remedy here.

### III.    CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. The Court **ORDERS** that, **on or before December 17, 2025**, Respondents shall either: (1) provide Lopez Miranda with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Lopez Miranda's continued detention; or (2) release Lopez Miranda from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before December 17, 2025**, Respondents shall **FILE** notice informing the Court whether Lopez Miranda has been released from custody. If Lopez Miranda has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the December 17, 2025, deadlines.**

**SO ORDERED**.

**SIGNED this 10th day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE